UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL W. CAMPBELL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ORANGE COUNTY SHERIFF,<br><br>　　　　Respondent. | NO. SACV 10-97-VBF (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **February 19, 2010**, why the Court should not recommend dismissal based on abstention and failure to exhaust.

**I.**

**SUMMARY OF PROCEEDINGS**

On January 22, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner is a pretrial detainee currently incarcerated in Orange County awaiting trial.[1]

---

[1] A pretrial detainee's request for federal habeas relief is properly brought under 28 U.S.C. § 2241(c)(3). *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

Petitioner lists the following four grounds for relief: (1, 3) violation of speedy trial; (2, 4) violation of due process. (Petition at 5-6.) In Grounds One and Two, Petitioner alleges that the district attorney altered an FBI document "to delay the preliminary hearing and ultimately to have all defendants bound over for trial." (*Id.* at 5.) In Grounds Three and Four, Petitioner alleges that the district attorney "knowingly and intentionally mislead the court and defendant . . . that he was in trial on Dec 9th 2009, when in fact he was not; delaying defendant's trial 40 days more." (*Id.* at 6.)

## II.

## DISCUSSION

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971); *see also Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (In general, a federal court should not interfere with ongoing state proceedings.).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Here, all of the prerequisites to *Younger* abstention have been met. *Younger* involved criminal proceedings. As Petitioner states, the proceedings are ongoing. Petitioner's claims here involve California's important

interest in the order and integrity of its criminal proceedings.  *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").  Finally, nothing prevents Petitioner from raising his federal claims in state court, either at the trial level or at the appellate level.  Therefore, the *Younger* abstention applies.

In *Carden*, the defendants moved for a dismissal in state court alleging a violation of their right to a speedy trial.  *Carden*, 626 F.2d at 83.  Although the trial court granted the motion, the Montana Supreme Court reversed.  *Id.*  The Cardens sought federal habeas relief, and the Ninth Circuit held that they had "not demonstrated the type of 'special circumstances' which warrant federal intervention."  *Id.* at 84.  The court concluded that the Cardens had not shown "how they will be irreparably injured by waiting until after trial to assert their speedy trial claim."  *Id.*  "[T]he Speedy Trial Clause . . . does not embody a right which is necessarily forfeited by delaying review until after trial."  *Id.*

Similarly, here, Petitioner has not demonstrated any "special" or "extraordinary" circumstances why this Court should not abstain from entertaining his petition.  Nor does any exception apply under *Younger*.  The test for an exception under *Younger* is similar to that set forth in *Carden*.  Petitioner must show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim.  *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 s. Ct. 1524, 44 L. Ed. 2d 15 (1975); *Younger*, 401 U.S. at 46.  Petitioner has not alleged any basis for finding an exception under *Younger*.

Finally, Petitioner has not filed any state petition for collateral relief with respect to his claims.  Therefore, Petitioner has failed to exhaust his state judicial

remedies.  *See Devaughn v. Sniff*, 2008 WL 4808640, *5 (C.D. Cal. 2008); *see also James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

### III.
### ORDER

IT IS THEREFORE ORDERED that, on or before **February 19, 2010**, Petitioner shall show cause why this Court should not abstain from entertaining the petition.

***If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition without prejudice based on abstention and failure to exhaust.***

DATED:  January 28, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge